IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. WEBB, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 20-1394-RGA |
| | : Superior Court of the State of |
| GDWG LAW FIRM, et al., | : Delaware in and for New Castle County |
| | : Case No. N20C-02-230 MAA |
| Defendants. | : |

William J. Webb, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Brandon A. Spivey, Esquire, Giordano, DelCollo, Werb & Gagne, LLC., Wilmington, Delaware. Counsel for GDWG Law Firm.

Kenneth Lee-Kay Wan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Dade Werb.

**MEMORANDUM OPINION**

July 8, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff William J. Webb, Jr., a pretrial detainee at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 1-1 at 4-12). He also raises supplemental state claims under 10 Del. C. § 8106. Plaintiff appears *pro se* and was granted leave to proceed *in forma pauperis* by the Superior Court. (D.I. 1-1 at 21). On October 16, 2020, Defendants filed a notice of removal of *Webb v. GDWG Law Firm*, Delaware Superior Court Case No. N20C-02-230 MAA (Del. Super.). (D.I. 1). Before the Court are Defendants' motion to dismiss and Plaintiff's motion to disqualify counsel. (D.I. 3, 6). Briefing is complete.

**I.     BACKGROUND**

While not pled, Defendants state in their motion to dismiss that Defendant Dade Werb was appointed as Plaintiff's conflict counsel due to the Delaware Office of Defense Services' conflict in representing Plaintiff who is a defendant in a criminal matter. Werb is a partner in Defendant GDWG Law Firm (*i.e.*, Giordano, DelCollo, Werb & Gagne, LLC. *See* https://gdwlawfirm.com/dade-d-werb/ (last visited July 6, 2021)). Plaintiff alleges that Defendants' actions have deprived him of his State and Federal Constitutional guarantee to the right to effective assistance of counsel and a fair trial. (D.I. 1-1 at 3).

Plaintiff alleges that Defendants are "not diligently and effectively representing [him] from the months of November and currently ongoing." (*Id.*). He alleges that both Defendants allowed State officials to present false evidence and perjured testimony to

1

obtain continuances in Family Court, Plaintiff's arrest warrant, and an indictment against him. (*Id.* at 4). He also alleges that Defendants failed to perform their duty to protect him from "false arrest, false imprisonment, illegally obtained evidence, malicious prosecution, mental abuse of a disabled person, and obstruction of justice." (*Id*. at 5). Finally, Plaintiff alleges that both Defendants "neglected their due diligence and duty to prepare defenses, pretrial motions, and share Brady" material, all of which violated his state and federal constitutional rights. (*Id*.at 7). Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id*. at 78).

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARDS.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id*. ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

2

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

III. **DISCUSSION**

Defendants seeks dismissal on the grounds that Plaintiff's claims are frivolous and he fails to plausibly plead facts to support his claims.

A. **42 U.S.C. § 1983**

The § 1983 claims fail as a matter of law. The named defendants are a private law firm and one of its attorneys. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The GDWG Law Firm and its attorney Dade Werb are not state actors for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); *Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Moreover, GDWG Law Firm is not a person within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

In his response, Plaintiff states that Defendant Dade Werb and Deputy Attorney General Renee Hrivnak were having a "private conversation until Plaintiff arrived with

3

Judge William C. Carpenter, Jr. [and] upon seeing the conspiracy to deprive [his] rights, Plaintiff sent a letter of intent which filed with the Court." (D.I. 7 at 2). He also argues that "both Defendants conspired and intentionally refused Plaintiff help by depriving him a defense, effective assistance of counsel, and protect[ing] Plaintiff's rights against false arrest, false imprisonment, illegal seizure of Plaintiff, and malicious prosecution [which] is a clear failure to perform a duty claim." (*Id*. at 8).

The Complaint does not allege a conspiracy. Moreover, Plaintiff may not amend his complaint through his opposition brief, and the new facts in his opposition may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)). Even were the Court to consider the newly raised allegations in the opposition to the motion to dismiss, they are conclusory and do not give rise to a plausible inference that Defendants, a law firm and a private attorney, acted under color of state law or conspired with state actors to deny Plaintiff his constitutional rights. Accordingly, Plaintiff cannot recover under § 1983. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010); *see also Reichley v. Pa. Dep't of Agric.*, 427 F.3d 236, 245 (3d Cir. 2005). The claims raised against Defendants fail as a matter of law. Defendants' motion to dismiss the § 1983 claims will be granted.

### B. State Claims

After determining that dismissal of the federal claims is, the District Court declines to exercise supplemental jurisdiction over Plaintiff's supplemental state claims.

*See* 28 U.S.C. § 1367(c); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016). The Court will remand the claims to State Court. *See Wheeler v. Ulisny*, 482 F. App'x 665, 669 (3d Cir. 2012) (district court did not abuse its discretion in declining to decide the state claims and remanding the claims to state court).

## IV. CONCLUSION

Based upon the above discussion, the Court will: (1) grant Defendants' motion to dismiss the federal claims (D.I. 3); (2) decline to exercise supplemental jurisdiction over the state claims; (3) dismiss as moot Plaintiff's motion to disqualify counsel (D.I. 6); and remand the state claim to the Superior Court of the State of Delaware in and for New Castle County.

An appropriate Order will be entered.